**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL ROBERT HISCOX, | No. 13-15582 |
| Petitioner - Appellant, | D.C. No. 4:09-cv-03477-PJH |
| v. | |
| MIKE MARTEL, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

California state prisoner Michael Robert Hiscox appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253. We review a district court's denial of a

habeas corpus petition de novo, *see Doody v. Ryan*, 649 F.3d 986, 1001 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2011) (en banc), and we affirm.

Hiscox contends that the trial court violated his due process rights by admitting into evidence an audiotape recording of a conversation in which he made incriminating statements that he asserts were coerced through an implied promise of leniency. The state court's conclusion that the confession was not coerced was not contrary to, or an unreasonable application of, clearly established law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d); *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973); *see also Illinois v. Perkins*, 496 U.S. 292, 297 (1990) ("When the suspect has no reason to think that the listeners have official power over him, it should not be assumed that his words are motivated by the reaction he expects from his listeners.").

Hiscox also contends that the trial court violated his due process rights by denying him an evidentiary hearing with testimony on the issue of whether his incriminating statements on the audiotape were coerced. The state court's conclusion that Hiscox was not entitled to a testimonial hearing was not contrary to, or an unreasonable application of, clearly established law, nor was it based on an unreasonable determination of facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d). The record reflects that Hiscox received the

"reliable and clear-cut determination that the confession was in fact voluntarily rendered" to which he was entitled. *See Lego v. Twomey*, 404 U.S. 477, 489 (1972).

We construe Hiscox's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**